AO 243 (Rev. 5/85)   MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

| | |
|---|---|
| District | UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT |
| Name of Movant: RAUL COLON | Prisoner No. 11981-014   Case No. 304cv43(SRU) |
| Place of Confinement: LEE COUNTY– FEDERAL PENITENTIARY P.O. BOX 305 JONESVILLE, VA. 24263-0305 | |

UNITED STATES OF AMERICA   V.   RAUL COLON
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT__

2. Date of judgment of conviction __September 17, 2003__

3. Length of sentence __180 Months__

4. Nature of offense involved (all counts) __18 U.S.C. 922 (g)(1) "only"__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____N/A_____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐  No ☒  **No other motions filed**

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____N/A_____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised_____

    _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____

    (6) Date of result_____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____N/A_____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised_____

    _____

    _____

    _____

    _____

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐ **N/A**
    (2) Second petition, etc.  Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __Ineffective Assistance of Counsel__

Supporting FACTS (state *briefly* without citing cases or law) __Counsel for Petitioner fell below an objectionable standard or reasonableness by allowing his client to be sentenced above the statutory maximum of 922 (g)(1), which is "statutorily" set at no more than 10 (ten) years; as if to say that the guidelines over-ride the COngressional intent, without charging 18 U.S.C. §924(e) within the indictment.__

B. Ground two: __Illegal Sentence__

Supporting FACTS (state *briefly* without citing cases or law): __See Attached Sheets__

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

AO 243 (Rev. 5/85)

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

   **N/A**

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☐     **N/A**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing ___**N/A**___

   (b) At arraignment and plea _____

   (c) At trial _____

   (d) At sentencing _____

AO 243 (Rev. 5/85)

   (e) On appeal _____

   (f) In any post-conviction proceeding _____

   (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☐  **N/A**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐  **N/A**

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐  **N/A**

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_Sept 7, 2004_
(date)

_Raul Colon_
Signature of Movant

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAUL COLON,<br>  Petitioner, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| -v- | )  CASE NO. 3:03CR43 (SRU)<br>)<br>)<br>) |
| UNITED STATES OF AMERICA,<br>  Respondent. | )<br>)<br>) |

**Attached Sheets, Pursuant to**

**Motion Under 28 U.S.C. §2255**

**To Vacate, Set Aside, or Correct Sentence**

Comes Now, Petitioner, Raul Colon, in pro-se capacity within the above captioned matter to move this Honorable Court by way of this instant motion under Title 28 U.S.C. §2255, to address the unconstitutional conviction and sentence received as a result of ineffective assistance of counsel which led to Petitioner being sentenced to an offense for which he was not constitutionally placed on notice under his indictment.

**Pro-Se Standard**

Petitioner avers that he is formally and therefore "demonstratively" unlearned in the complicated skills of criminal and/or civil procedure, and that his pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers:

> "If a Court can reasonably read the pleadings to state a valid claim on which litigant could prevail, the court should do so despite failure to cite proper legal authority, confusion of theories, poor

(1)

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements". See **Haines v. Kerner**, 404 U.S. 519, 30 L.Ed.2d 551, 102 S.ct. 700 (1982).

### Brief History of Case

Here, Petitioner, Raul Colon, was arrested and detained by the United States on December 22, 2002, where he was subsequently indicted within a "One Count Indictment". which charged Petitioner with a violation of United States Code, Title 18 U.S.C. §922(g)(1) "Felony Possession of a Firearm". Upon advice of counsel, Petitioner later plead guilty to only the charged indictment, which carried a maximum sentence of Ten Years", pursuant to the penalty phase for §922(g)(1).

Petitioner's sentencing was then subsequently held in September 17, 2003, after the Court agreed that Petitioner was "An Armed Career Offender", in accordance with the P.S.I. recommendation. At the outset, Petitioner received a sentence of 180 months, rather than the ten (10) years or below as guided by in the charging instrument [The Indictment for §922(g)(1)]. Because Petitioner plead guilty to avoid the consequences of possible maximum penalties.

For the grounds argued hereinafter, Petitioner contends that he received grossly deficient representation from counsel; (2) that his sentence is "illegal" (3) and that because of counsel's failure to provide the sentencing court with "Certified statutes of prior conviction and the prior conviction judgements", Petitioner was denied the opportunity to demonstrate that the "1990 robbery conviction", a predicate offense under §924(e), had previously been dismissed in exchange for Petitioner's guilty plea for "failure to appear", which resulted in a "one year sentence", rather than a sentence for robbery; out of the City of Hartford, State of Connecticut.

(2)

## Argument Supporting Ground One

Petitioner avers in support of Ground One that; "he received ineffective assistance of counsel". In that, counsel failed to notice that the indictment which only charged 18 U.S.C §922(g)(1) was fatally defective by not reflecting the facts elicited by the plea agreement by the government in which focused more directly on 18 U.S.C. §924(e). This prejudiced Petitioner under the Sixth Amendment, to be represented by counsel at one of the most critical stages of the proceeding. Whereas, the purpose of presentation clause of the Fifth Amendment is two-fold; it "entitles the defendant to be in jeopardy only for the offenses charged by a group of his fellow citizens acting independent of either prosecutor or the judge; and it entitles a defendant to be fully appraised of the charge(s) against him so that he knows what he must meet at trial. See **U.S. v. Fogel, 901 F.2d 23 (4th Cir. 1990); U.S. v. Field, 875 F.2d 130 (7th Cir. 1999).**

Moreover, a criminal defendant has a constitutional right to be tried "only" on the charges contained in the indictment, and on those charges "only". **Kincade v. Sparkman, 175 F.3d 444 (6th Cir. 1999).**

Here, counsel fell below "any objective standard of reason", at a most critical stage , by for one, "failing to have his clients prior conviction(s) 'Certified Judgements' and 'Statutes of Conviction'"; See **U.S. v. Mathws, 226 F.3d 1075 (9th Cir. 2000);** and by counsel's failure to object to Petitioner being required to "stipulate to a federal statute contained in a plea agreement [18 U.S.C. §924(e)], without the statute under which Petitioner was sentenced, being initially charged within his indictment.

Petitioner further addresses the deprivation of the grossly deficient performance when arguing and explaining the illegality of his sentence, with Ground Two.

### Ground Two

Petitioner first points out, under Title 18 U.S.C. §922 (g)(1) states:

(g) It shall be unlawful for any person--
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year [to possess a firearm].
In relevant part.

This is the "only" notice that was handed down within the indictment. Moreover, in the event Petitioner was to be faced with enhanced penalties under the U.S.S.G. §4B1.4 "Armed Career Offender", for which would exceed the maximum penalty of §922(g)(1), §924(e) would mandatorily be required to be in the indictment because the guidelines alone is not authorized to impose such sentences that exceed statutory limitations. Rendering Petitioner a 180 month prison term pursuant to §4B1.4, is illegal, as the Sentencing Guidelines has exceeded its proper authority. See **U.S. v. Neal, 516 U.S. 284, 133 L.Ed.2d 709, 116 S.Ct. 763 (1996).**

Here, the P.S.I. sought to invoke §924(e) by way of §4B1.4 where its effect is placing the "cart before the horse". And Petitioner argues that for purposes of the implementation of §924(e), there is definitely a distinction without difference to the drug offenses of 21 U.S.C. §841 and it's enhancements under the notice requirement for prior convictions under 21 u.S.C. §851. See also **U.S. v. Harris, 244 F.3d. 828 (11th Cir. 2001)** (holding that Sentencing Guidelines cannot be used to increase penalty imposed beyond statutory maximum).

Petitioner contends that the illegality of the application of his increased punishment suffers from the Fifth Amendment's Indcitment and Notice Clause and held him to answer for a "capital or otherwise infamous crime without presentment to a Grand Jury", more or less proven under the Sixth Amendment, beyond reasonable doubt. Therefore, in actuality, Petitioner should have plead guilty to §924(e), rather than §922(g)(1), if the sentence sought to be imposed exceeded the statutory

(4)

maximum of ten (10) years, or in the alternative, 922(g)(1) and 924(e).

The plea agreement that mentioned §924(e) has the effect of "amending the indictment" outside the presence of the Grand Jury which Petitioner requests that this Court can also reverse the entire conviction as well as the illegal sentence.

§924(e)'s core has elements distinctive to §922(g)(1), "if the Government seeks to penalize a defendant beyond the basic statute of §922(g)(1)". And elements of any crime must be charged in the indictment, submitted to the jury [or as in this case, stipulated to by the defendant], and proven by the government beyond a reasonable doubt. In the instant case, the government sought to cure this fatal defect by including §924(e) within the plea, however, Petitioner avers that this was insufficient to establish elements of §924(e) by virtue that he could not have been held to answer for a capital or otherwise infamous crime unless a presentment to the Grand Jury had previously occurred.

In conclusion, Petitioner avers that within Ground One, Two and this conviction which is Ground Three, as it is obvious no "Certified judgements" or "Statutes of conviction" were introduced, that this lessened the burden of proof upon the government that Petitioner was entitiled to, and denied Petitioner of also, "due process" under the Fifth Amendment, where Petitioner was entitled to a heightened burden of proof rather than the preponderance of the evidence and where the statutory maximum was enhanced beyond it's prescribed statutory range. Thus, entitling Petitioner to no less of a standard than "clear and convincing" or "proof beyond a reasonable doubt".

Wherefore, in light of the circumstances argued within, and in light of **Blakely v. Washington,** and **Apprendi v. New Jersey,** Petitioner argues against any additional sentence increase in violation of his Fifth and Sixth Amendment

rights. And requests that his sentence and or conviction be reversed and remanded as a matter of law, pursuant to 28 U.S.C. §2255.   **RESPECTFULLY SUBMITTED**

                                      s/ *Raul Colón*
                                      Raul Colón
                                      U.S.P. Lee County
                                      P.O. Box 305
                                      Jonesville, VA. 24263-0305

**cc/** file
    U.S. Dist. Ct. C/K
    9/8/04

(6)