UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUL COLON, | : | |
|     Petitioner; | : | |
| | : | CIVIL NO 3:04CV1508(SRU) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEBRUARY 22, 2006 |
|     Respondent. | | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

By motion dated September 7, 2004, and filed on September 10, 2004, the petitioner, Raul Colon, seeks to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. The Court, on December 22, 2005, issued an Order to Show Cause directed to the United States of America, directing a response be filed to show cause why the relief prayed for in the petitioner's motion should not be granted. By motion dated January 24, 2006, the Government requested an extension of time of thirty days, to February 22, 2006, to respond to the petitioner's motion. On February 1, 2006, the Court granted the Government's motion.

The petitioner's three claims all relate to his sentence of 180 months imprisonment, which was entered after his guilty plea to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). The sentence was imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act, and related provisions of the United States Sentencing Guidelines, which impose a mandatory minimum 15-year term of imprisonment for violations of 18 U.S.C. § 922(g), where the defendant has three prior convictions for either crimes of violence or serious drug offenses. The petitioner's claims appear to fall into two categories. First, he claims that the indictment was defective because it did not specifically reference the Armed

Career Criminal Act, 18 U.S.C. § 924(e). In regard to this claim, the petitioner claims that a 15 year mandatory minimum sentence pursuant to 18 U.S.C. § 924(e) was "illegal" (Petitioner's Ground 2) and that his counsel was ineffective in permitting him to plead to the indictment in the absence of a specific reference to 18 U.S.C. § 924(e) (Ground 1). Secondly, petitioner appears to invoke recent United States Supreme Court case law (Blakely) to claim that the Government was required to prove his prior convictions by "clear and convincing" or "proof beyond a reasonable doubt", and, accordingly, that the Government was required to submit to the Court "certified judgements" or "statutes of conviction" in order to sentence the defendant to the statutory mandatory minimum 15 years imprisonment pursuant to 18 U.S.C. § 924(e). (Ground 3).

For the reasons set forth herein, the petitioner's motion should be denied.

I.      BACKGROUND

The defendant, Raul Colon, was charged in a one-count indictment returned on February 25, 2003, with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). [doc. #1]. Because the defendant has at least three prior convictions of a violent felony or serious drug offense, which convictions were alleged in the indictment, he was subject to a mandatory minimum term of imprisonment of 15 years, pursuant to Title 18, United States Code, Section 924(e). While the indictment did not specifically reference Section 924(e), it did expressly set forth the three prior qualifying convictions under the Armed Career Criminal Act. That is, the indictment alleged that on April 12, 1995, the defendant was convicted of Conspiracy to Commit Violent Crime in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(5), in United States District Court in Connecticut; on December 10, 1990, of Robbery in the Third Degree, in violation of Connecticut

2

General Statutes Section 53a-136, in the State of Connecticut Superior Court; and on September 15, 1986, of Assault in the First Degree; in violation of Connecticut General Statutes, Section 53a-59(a)(1), also in State of Connecticut Superior Court.  The charge against the defendant in the indictment arose from his arrest on December 22, 2002, when he was stopped by an officer of the Hartford Police Department for motor vehicle violations and found to be in possession of a firearm, a Bryco Arms, .9 millimeter, semi-automatic pistol.

By motion dated April 25, 2003, the defendant moved to suppress the post-arrest statement made by him to Hartford Police [doc. #10] and requested a hearing pursuant to 18 U.S.C. § 3501 [doc. #13].  On May 28, 2003, the Court conducted a hearing in regard to the defendant's motion and denied the motion by bench order that same date.

On June 26, 2003, defendant entered a guilty plea to the one-count indictment.  At the plea proceeding and in the plea agreement, defendant acknowledged that he faced a maximum penalty of life imprisonment and a mandatory minimum penalty of 15 years imprisonment in the event the Court determined that he had three prior convictions for either crimes of violence or serious drug offenses pursuant to 18 U.S.C. § 924(e). [doc. #17 at 2].  During the plea proceeding and in the plea agreement, the defendant also acknowledged that he understood that the Sentencing Guidelines applied to his case and that Sentencing Guideline determinations would be made by the Court based upon input from the defendant, the Government, and the United States Probation Office. [doc. #17 at 2-3].  Further, he understood that the plea agreement stated that he had no right to withdraw his guilty plea if his sentence or the Guideline application was other than he anticipated.  Id.  On September 17, 2003, the Court held a sentencing hearing. At that time, the Court addressed the defendant and he confirmed that he had read the Presentence

Investigation Report ("PSR"), had reviewed it with his lawyer, and that he understood its contents.[1]

During the sentencing hearing, the Court reviewed with the defendant the PSR Guideline calculation, including the three prior convictions for drug or violent felony convictions. The defendant's PSR listed the three prior convictions for crimes of violence that were referenced in the indictment and which formed the basis of the mandatory minimum sentence of 15 years. PSR at ¶¶ 23, 24, 26. The Court confirmed that there were no objections from either party in regard to the applications of the Guidelines that the PSR set forth, including the mandatory minimum sentence of 15 years imprisonment. The Court then imposed a sentence of 180 months imprisonment to be followed by a term of supervised release of three years. Judgment issued on September 17, 2003. [doc. #21]. Mr. Colon was represented throughout the suppression hearing, the change of plea, and his sentencing by Assistant Federal Public Defender Gary Weinberger. No notice of appeal was filed by the defendant.

II.    DISCUSSION

To obtain collateral relief under 28 U.S.C. Section 2255, the petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Habeas corpus relief is an extraordinary remedy and should only be granted where it is necessary to address errors which, were they left intact, would "inherently result in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). The

---

[1] A copy of the change of plea and sentencing transcripts are not attached because specific references to them are not necessary for purposes of ruling on the petitioner's motion. If the Court would require transcript references, the Government reserves its right to submit a supplemental brief at that time.

strictness of this standard embodies the recognition that collateral attack upon criminal convictions is "intention with society's strong interest in [their] finality." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995). See also Strickland v. Washington, 466 U.S. 668, 693-94 (1983) (recognizing the "profound importance of finality in criminal proceedings.").

    A.    Colon's Claims Are Procedurally Barred Because He Failed To File A Direct Appeal

A habeas petitioner must not have procedurally defaulted his claims by failing to raise them at trial (whether by motion, objection or otherwise) and on direct appeal. See Murray v. Carrier, 477 U.S. 478, 490-492 (1986). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998); Ciak v. United States, 59 F.3d 296, 302 (2d Cir.1995); Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). "A motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir.1998).

In the present case, as is set forth above, plaintiff Colon never raised his claims regarding sentencing in the district court nor did he file a Notice of Appeal. Therefore, he has procedurally defaulted his claims. Moreover, his Section 2255 motion makes no effort to show "cause" for why he failed to raise the issues on appeal (for example, he does not allege ineffective assistance of counsel as it pertains to his failure to file an appeal) nor does it allege that he is "actually innocent" of the charge to which he pleaded guilty. It clearly would be hard for the defendant to argue that he was "actually innocent" in light of his guilty plea, not to mention the seizure of the firearm from his person, and his admission to police. Accordingly, all of his claims have been

procedurally defaulted, and his motion should be dismissed.

      B.      Notice Of Sentence Enhancement Pursuant to 18 U.S.C. Section 924(e) Need Not Be Included In The Indictment

In United States v. Moore, the Second Circuit held "that there is no constitutional requirement that a defendant be given notice before trial that a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), may be sought after conviction." 208 F.3d 411, 414 (2d Cir. 2000). See also United States v. O'Neal, 180 F.3d 115, 126 (4th Cir. 1999) (the listing of a predicate offense in the Presentence Report provides sufficient notice that Section 924(e) will be applied); United States v. Craveiro, 907 F.2d 260, 264 (1st Cir. 1990) (due process does not require pre-trial notice that enhanced sentencing may be sought under Section 924(e)). The Second Circuit in Moore based its holding on its interpretation of the United States Supreme Court holding in Oyler v. Boles, 368 U.S. 448, 452 (1962). While it is settled that due process requires the defendant have notice and an opportunity to contest the validity or applicability of prior convictions upon which a statutory sentencing enhancement is based, there is no requirement that a defendant be notified prior to trial that such an enhancement may be sought, because "the determination of whether one is a habitual criminal is 'essentially independent' of the determination of guilt on the underlying substantive offense." Id. (quoting Chandler v. Fretag, 348 U.S. 3, 8 (1954)).

Here, the petitioner does not maintain that he did not have notice and an opportunity to contest the validity of the convictions upon which his status as an Armed Career Criminal were based. Indeed, he cannot because those convictions were included in the indictment itself and also enumerated in the Presentence Report. Further, as is noted above, at no time during his

guilty plea or sentencing did the defendant, though given an opportunity, object to the validity of any of those convictions.[2]  The petitioner has cited to no authority nor is the Government aware of any authority, that requires that a specific reference to 18 U.S.C. § 924(e) be included in an indictment in order for the enhancement to be applicable.  Nor does the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) disturb the holding of Moore or compel a different result, for the reasons that are set forth below.

  C.  The Court Properly Found That He Defendant Had Three Prior Convictions For Crimes Of Violence Pursuant To 18 U.S.C. § 924(e)

In his third ground, petitioner appears to argue that the Court was required to find by "clear and convincing, or proof beyond a reasonable doubt" rather than preponderance of evidence that the petitioner was convicted of three or more crimes of violence pursuant to 18 U.S.C. § 924(e).  The petitioner also appears to claim that certified copies of the prior convictions were required to be "introduced" to the Court.  By passing reference to Blakely v. Washington, and Apprendi v. New Jersey, the petition appears to argue that recent Supreme Court precedent has changed the sentencing scheme as it pertains to application of 18 U.S.C. § 924(e).  For the reasons that follow, the defendant's arguments must fail.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that 8 U.S.C. § 1326(b)(2), which increases the statutory maximum penalty for defendants with a

---

[2] The petitioner makes a passing reference to his 1990 robbery conviction having been dismissed in exchange for a failure to appear.  No objection was ever raised in regard to that conviction at sentencing. The PSR references that petitioner acknowledged that he was arrested, convicted and served his term of incarceration for the conviction using an alias.  This does not appear to be the basis of the petitioner's claim, however, the Government will provide specific references to the transcript of the sentencing proceeding if the Court determines that it is necessary.

prior aggravated felony conviction in illegal reentry cases, does not describe a separate crime, such that the fact of the prior felony conviction must be charged in an indictment and proven to a jury beyond a reasonable doubt.  Rather, it describes a penalty provision authorizing a court to increase the sentence for a recidivist. United States v. Santiago, 268 F. 3d 151, 154 (2nd Cir. 2001) (*citing* Almendarez-Torres, 523 U.S. at 228-35.)  Moreover, the Supreme Court in Almendarez-Torres stated that Congress violated no constitutional constraints in defining recidivism as a sentencing factor rather than as an element of a separate crime. Id. at 247.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court declined to overrule the "prior conviction" exception set out in Almendarez-Torres, noting that the defendant did not contest the validity of Almendarez-Torres and that "we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule."  The Second Circuit Court of Appeals weighed in on the post-Apprendi validity of the "prior conviction" exception in Santiago, 268 F.3d at 154, and concluded that "Almendarez-Torres remains good law."  See also United States v. Anglin, 284 F.3d 407, 409 (2d Cir. 2002) (stating that "this Court has repeatedly held that Almendarez-Torres survives Apprendi").  Indeed, the Court has yet again just recently made clear that the Supreme Court's ruling in Almendarez-Torres, "that recidivism is a sentencing factor rather than an element of the crime, remains good law, and it is not within the purview of the Court of Appeals 'to anticipate whether the Supreme Court may one day overrule its existing precedent.'" United States v. Estrada, 428 F.3d 387, 390 (2d Cir. 2005) (quoting Santiago, 268 F.3d at 155 & n.6).  Notwithstanding any "tension between the spirit of Booker . . . and the Supreme Court's decision in Almendarez-Torres, the 'prior conviction' exception nonetheless remains the law."  Estrada, at 391; see also id. at 390 (noting that United States v.

8

Booker, 125 S. Ct. 738, 756 (2005), incorporated the "prior conviction" exception[3]).

Therefore, the fact of prior convictions in sentencing proceedings will continue to be proven in the same way and by the same standard, preponderance of the evidence, as before Blakely and Booker. Submission of certified copies of convictions to the Court is not required.[4] See United States v. Parson, 77 F.3d 675, 677 (2d Cir. 1996) (Court's reliance on presentence report prepared in instant case for determination of Career Offender Sentencing Guideline acceptable where federal report recited essential facts as presented in state report, and defendant did not object to accuracy of federal report's description of state offense or to sentencing court's use of federal report.); United States v. Brown, 52 F.3d 415, 425-26 (2d Cir. 1995).

As is noted above, the petitioner made no objection at sentencing in regard to the recitation in the PSR in regard to his prior convictions. The PSR upon which the Court properly relied in sentencing established that the defendant qualified as an Armed Career Criminal by a preponderance of the evidence and provided a sufficient basis to sentence the defendant to a 15 year mandatory minimum sentence as an Armed Career Criminal pursuant to

---

[3] See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

[4] Undersigned counsel represents that pursuant to discovery produced to the defendant, certified copies of all convictions listed in the indictment were provided as well as a report comparing fingerprint cards for the defendant's subject arrest to the fingerprint cards for the prior certified convictions, and establishing that all of those convictions were obtained by the petitioner Raul Colon. All discovery material was also forwarded to the United States Probation Office to assist them in their preparation of the PSR.

18 U.S.C. § 924(e).  Nothing in recent United States sentencing jurisprudence, specifically Blakely and Booker would indicate a contrary result.

Moreover, even if Booker would indicate a contrary result, it would not apply retroactively to the defendant's case, in that he was sentenced prior to its issuance.  The Second Circuit in Guzman v. United States, held that the rule announced in Booker is a new criminal procedure that "is not retroactive; it does not apply to cases on collateral view where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." 404 F.3d 139, 140 (2d Cir. 2005).  The express holding of Guzman applies here and precludes the defendant from obtaining any relief under Booker in Section 2255 proceedings.

      D.      The Petitioner Claims To Have Received Ineffective Assistance Of Counsel Are Without Merit

When evaluating claims that a convicted criminal was deprived effective assistance of counsel, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  A defendant's *post hoc* accusations alone are not sufficient to overcome this strong presumption, as such a holding would lead to constant litigation by dissatisfied criminal defendants and harm the effectiveness, and potentially even the availability, of defense counsel.  See Id.; See also Korenfeld v. United States, 451 F.2d 770, 775 (2d Cir. 1971), cert. denied, 406 U.S. 975 (1972) (holding that unsupported allegations by habeas petitioners are insufficient to support collateral relief).  In light of the presumption in favor of counsel, the threshold for an ineffectiveness claim is extremely high, courts have "declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox, or downright ill-

advised." Tippens v. Walker, 77 F.3d 682, 686 (2d Cir. 1996).

To prove a violation of his Sixth Amendment right to counsel based on his counsel's alleged ineffectiveness, the petitioner "must meet a difficult two-part test." DeLuca v. Lord, 77 F.3d 578, 584 (2d Cir.), cert. denied, 519 U.S. 824 (1996). He must establish both "(1) that counsel's performance fell below an objective standard of reasonableness, … and (2) that there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different." McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999) (quoting Strickland, 466 U.S. at 688, 694). The ultimate goal of the inquiry is not to second-guess decisions made by defense counsel; it is to ensure that the judicial proceeding is still worthy of confidence despite any potential imperfections, as "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." Roe v. Flores-Ortega, 528 U.S. 470, 482 (2000) (quoting United States v. Cronic, 466 U.S. 648, 658 (1984)).

In assessing the reasonableness of counsel's performance "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Showing merely that there were potential strategic errors or that some decisions were questionable is not sufficient as "[t]here are countless ways to provide effective assistance in any given case." Id. In order to prevail on the first prong of the Strickland test, therefore, the petitioner must conclusively show that, despite the strong presumption in favor of counsel, "under the totality of the circumstances, [Attorney Weinberger] failed to exercise the skills and diligence that a reasonably competent attorney

11

would provide under similar circumstances." Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996), cert. denied, 521 U.S. 1118 (1997). As a general rule, "the fact that counsel is prepared and familiar with the relevant facts and legal principles is usually sufficient to defeat a claim that trial counsel was ineffective." Farrington v. Senkowski, 19 F. Supp.2d 176, 179 (S.D.N.Y. 1998), aff'd, 214 F.3d 237 (2d Cir. 2000).

Even if the petitioner is able to make the difficult showing that his counsel's performance was objectively unreasonable and unprofessional, he still bears the burden of proving that the deficient performance "caused him substantial prejudice." To demonstrate prejudice the petitioner must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Hurel Guerrero v. United States, 186 F.3d 275, 282 (2d Cir. 1999) (quoting Strickland, 466 U.S. 687-88). More than just simple speculation about potential harms caused by counsel's actions is necessary to support a finding of prejudice. For prejudice to exist, the established and unprofessional errors of counsel must have been "sufficient to undermine confidence in the outcome." Jackson v. Leonardo, 162 F.3d 81, 85 n.9 (2d Cir. 1998) (quoting Strickland, 466 U.S. at 694).

Here, clearly petitioner's counsel's not advising the defendant that the indictment was defective for failing to reference 18 U.S.C. § 924(e) was not ineffective, because, as discussed above, the indictment need not reference the statute. See Moore 208 F.3d at 413-414. Similarly, defense counsel's representation was not ineffective for failing to argue that the defendant's prior convictions must be proven by "clear and convincing" evidence, or "beyond a reasonable doubt," because such is not the law. See Section C above. The petitioner's

motion should be denied in regard to this claim as well.

III.     CONCLUSION

    For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's § 2255 motion in its entirety.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        /s/     THOMAS V. DAILY

        THOMAS V. DAILY
        ASSISTANT UNITED STATES ATTORNEY
        450 Main Street, Room 328
        Hartford, Connecticut 06103
        Tel. (860) 947-1101
        Federal Bar No. ct 03467

## CERTIFICATION

_____I hereby certify that on February 22, 2006, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Pro Se:
Raul Colon
# 11981-014
USP-Lee County
P. O. Box 305
Jonesville, VA 24263-0305

/s/    THOMAS V. DAILY
_____
THOMAS V. DAILY (ct03467)
ASSISTANT U.S. ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CT 06103
PHONE: (860) 947-1101
FAX: (860) 240-3291
tom.daily@usdoj.gov