# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RAUL COLON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:03cr43 (SRU)

## RULING ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Raul Colon has filed a petition under 28 U.S.C. § 2255 challenging the legality of his sentence of imprisonment for violating 18 U.S.C. § 922(g)(1). Colon was sentenced to fifteen years' imprisonment as an armed career criminal, despite the fact that the indictment against him did not reference 18 U.S.C. § 924(e). Colon claims that the maximum term of imprisonment authorized in his case was ten years. I conclude that Colon's claims lack merit and therefore deny his petition for habeas corpus relief.

**I.  Background**

On December 22, 2002, Colon was stopped by an officer of the Hartford Police Department for motor vehicle violations and found to be in possession of a firearm. Following his arrest, Colon was indicted and charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Although the indictment did not make specific reference to 18 U.S.C. § 924(e), it did expressly set forth three prior qualifying convictions for crimes punishable by imprisonment for a term exceeding one year. Specifically, the indictment alleged the following three convictions: (1) on April 12, 1995, Colon was convicted in federal court of Conspiracy to Commit Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); (2) on December 10, 1990, he was convicted in Connecticut Superior Court of Robbery in the Third

Degree, in violation of Connecticut General Statues Section 53a-136[1]; and (3) on September 15, 1986, he was convicted in Connecticut Superior Court of Assault in the First Degree in violation of Connecticut General Statues, § 53a-59(a)(1).

On June 26, 2003, Colon appeared before Magistrate Judge William I. Garfinkel and entered a guilty plea based on a plea agreement letter between Colon and the government dated June 26, 2003 ("Plea Agreement").  Colon's Plea Agreement states that, because he has three prior convictions for crimes of violence, the penalties for the violation of 18 U.S.C. § 922(g)(1) are imposed pursuant to the sentencing requirements of 18 U.S.C. § 924(e), the armed career criminal statute.  Pursuant to the penalty provisions of Section 924(e), a violation of Section 922(g)(1) carries a maximum penalty of life imprisonment and a mandatory minimum of 15 years' imprisonment.  During Colon's plea hearing, the following dialogue took place regarding the operation of the armed career criminal statute.

> DEFENDANT'S COUNSEL:  . . . A sentencing issue will be whether the convictions outlined in the indictment all apply to him, in which event he would be an armed career criminal which would elevate the punishment he faces under the statute.
>
> THE COURT: And that's an issue that has not yet been fully determined?

---

[1] Colon was arrested and convicted of robbery in the third degree using the name Juan Molina.  As set forth in his Presentence Report, Colon states that he served his term of incarceration and parole using that alias.  In his section 2255 motion, Colon alleges that this "'1990 Robbery Conviction' ... had previously been dismissed in exchange for [a] guilty plea for 'failure to appear.'"  That is incorrect.  In 1990, Colon was charged with robbery second and failure to appear, which charges were reduced to the robbery third for which he was convicted on December 10, 1990.  As the result of separate conduct, Colon was convicted on March 5, 1993 of failure to appear second and received a sentence of one year (execution suspended, 1 year probation).  The 1993 failure to appear conviction was not related to the charge of robbery; instead, it related to his arrest for reckless endangerment and interfering with a police officer, which charges were nolled in exchange for a guilty plea for failure to appear second.

>DEFENDANT'S COUNSEL: Well, we are satisfied that those convictions do apply to him and in fact the plea agreement . . . contemplates that he will be treated as an armed career criminal.

Audiotape of Plea Hearing of Raul Colon held before Magistrate Judge William Garfinkel (June 26, 2003) (on file in the U.S. District Court, Bridgeport, Connecticut) ("Plea Hearing Audiotape").

On September 17, 2003, I sentenced Raul Colon pursuant to the armed career criminal statute, 18 U.S.C. § 924(e), to 180 months in prison, followed by a three-year term of supervised release. The Presentence Report ("PSR") that the Probation Office prepared in advance of his sentencing hearing confirmed that Colon had been convicted of the three prior crimes of violence that were listed in the indictment. PSR at ¶¶ 23, 24, 26. During Colon's sentencing hearing, I confirmed that he and his counsel had read the PSR and that they had no objections to any of the factual statements in the PSR. I explained to Colon that, because of his three prior convictions, the most lenient sentence I could impose on him was a mandatory minimum of 15 years' incarceration.

Instead of appealing, Colon filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his petition, Colon claims that his counsel's performance fell below an objective standard of reasonableness and that his sentence is illegal. Specifically, Colon claims that he could not be sentenced to more than ten years' imprisonment based on the statute cited in his indictment and that his counsel rendered ineffective assistance by not advising him that the indictment was defective for failure to reference 18 U.S.C. § 924(e). Colon further claims that because of his counsel's failure, he was not able to challenge the convictions I relied on in treating Colon as an armed career criminal.

**II.    Discussion**

To obtain collateral relief under 28 U.S.C. § 2255, Colon must show that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. Colon's claims fail for both procedural and substantive reasons.

### A.  **Colon's Claims Are Procedurally Barred**

Colon did not raise the claim that his sentence was illegal on direct appeal. Accordingly, that claim is procedurally barred. Where a defendant fails to raise a claim on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Colon has not suggested any way in which he meets that standard.

In addition, both of Colon's claims are barred by his waiver of appeal. In his Plea Agreement, Colon agreed that he would "not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 15 years . . . . The defendant expressly acknowledges that he is waiving his appellate rights knowingly and intelligently." Plea Ag. at 4. Because his sentence of imprisonment did not exceed fifteen years, Colon waived his right to file this section 2255 motion.

### B.  **Colon's Claims Fail on Their Merits**

Putting aside the procedural bars to consideration of Colon's claims, those claims also fail on the merits.

#### 1.  **The Legality of Colon's Sentence**

Colon claims that his fifteen-year sentence of imprisonment is illegal because the indictment charged a violation of 18 U.S.C. § 922(g)(1), which carries a maximum potential sentence of ten years' imprisonment. He further claims that, although he agreed to the applicability of 18 U.S.C. § 924(e) in the Plea Agreement, his right to indictment by a grand jury was violated by the failure to charge him with a violation of section 924(e).

The claim that Colon's sentence is illegal is without merit. The Second Circuit expressly rejected the same argument in *United States v. Santiago*, 268 F.3d 151 (2d Cir. 2001). In that case, the indictment "charged Santiago with violation of § 922(g)(1) and § 924(a)(2), not § 924(e)." *Id.* at 153 n.3. The Court rejected Santiago's argument that he could not legally be sentenced to a term of imprisonment longer than ten years: "Because we hold that the prior-felony provisions of § 924(e) are not elements that must be charged in the indictment, we attach no significance to the indictment's reference to § 924(a)(2)." *Id.; see also United States v. Baldwin*, 186 F.3d 99, 102 (2d Cir. 1999) (concluding that "the existence of the three prior felony convictions necessary for a sentencing enhancement pursuant to § 924(e) is a sentencing factor, rather than an element of the offense"). In *Santiago*, the defendant also argued that, "because the indictment did not allege that defendant had been convicted of three qualifying crimes 'committed on occasions different from one another,' his fifteen-year prison sentence exceeds the statutory maximum for the crime charged and must be vacated." *Id.* at 154. The Second Circuit disagreed. It held that "both the facts of the three prior convictions and the fact of their having been committed on 'separate occasions' are sentencing factors under § 924(e), not elements of a separate offense." *Id.* at 155 n.7.

Because the existence of three prior qualifying convictions is a sentencing factor, those

convictions did not need to be set forth in Colon's indictment. Nevertheless, Colon's indictment did list his three prior qualifying convictions and their dates. In addition, Colon's Plea Agreement expressly set forth the fact and effect of Colon's prior convictions. After noting that a mandatory minimum sentence of fifteen years' imprisonment applied, the Plea Agreement stated: "The mandatory minimum sentence is the result of the defendant's three prior convictions for either crimes of violence or serious drug offenses pursuant to 18 U.S.C. § 924(e)." Plea Ag. at 2. To the extent that Colon argues that the government was required to prove his convictions by heightened or specific proof, that argument fails. The Plea Agreement noted that the "parties agree that the defendant has at least three prior convictions for either crimes of violence or serious drug offenses, pursuant to Title 18, United States Code, Section 924(e). He is, therefore, subject to a mandatory minimum sentence of 15 years imprisonment." *Id.* at 3 (emphasis supplied). The government is not required to prove a fact to which the defendant stipulates.

### 2. The Ineffective Assistance Claim

Colon claims that he was denied his Sixth Amendment right to counsel because representation by his counsel fell below the constitutional minimum. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part analysis to determine whether a defendant was denied his Sixth Amendment right to counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

Although the first *Strickland* prong requires inquiry into the performance of counsel, the second prong requires that the defendant meet "the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id*. at 696. A court need not make an inquiry into the performance of counsel, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id*. at 697.

Colon's claims that his counsel rendered ineffective assistance by not advising him that the indictment was defective for failure to reference 18 U.S.C. § 924(e). That argument necessarily fails because, as discussed above, the indictment was not defective for failing to cite section 924(e). Accordingly, Colon's ineffective assistance claim fails as a matter of law.

**V.     Conclusion**

For the foregoing reasons, Colon's claim of ineffective counsel is without merit. Colon's motion to vacate his sentence is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of October 2008.


                                                         /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge